UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHERYL J. STOKES,                    )
    *Plaintiff*,                        )
                                    )
    *vs.*                               )        1:09-cv-0972-JMS-TAB
                                    )
MICHAEL J. ASTRUE, Commissioner of the )
Social Security Administration,      )
    *Defendant*.                        )

## ORDER

Presently before the Court is Plaintiff Cheryl J. Stokes' Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. [Dkt. 29.] Through it, Ms. Stokes seeks $6,989.57 in attorney's fees for prevailing against the government in her Social Security disability case. [*See* dkt. 27 (entry remanding action back to Commissioner for further proceedings).]

### DISCUSSION

### I.      Award Under the Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA") provides that a district court shall award attorney's fees where (1) the claimant was a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust and (4) the claimant filed a timely and complete application with the district court. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (*citing* 28 U.S.C. § 2412(d)(1)(A)).

Ms. Stokes requests a total award of $6,989.57 pursuant to the EAJA. [Dkt. 30 at 3.] The Commissioner's response brief makes no argument against an award of fees, arguing instead that the fees requested are excessive for various reasons. Given that the Commissioner has not attempted to rebut the presumption in favor of a fee award, the Court finds that fees under the EAJA are appropriate.

## II.     Hourly Rate

First, the Commissioner argues that Ms. Stokes used a statutorily excessive hourly rate to calculate her counsel's time by applying a national cost of living increase instead of a regional cost of living increase.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  Ms. Stokes asks for fees to be calculated at a rate of $173.87 per hour because the $125 base rate was established in March 1996 and the cost of living has increased since then.  [Dkt. 30 at 2.]  Ms. Stokes proposes an increased hourly rate based on the national "All Urban" index of the Consumer Price Index ("CPI") for January 2010.  [Dkt. 30 at 3.]  The Commissioner does not expressly challenge the cost of living increase, arguing instead that the "Midwest Urban" index of the CPI should be used to calculate the increased rate instead of the "All Urban" index, resulting in an hourly rate of $170.25.  [Dkt. 31 at 3-4.]

Ms. Stokes bears the burden of proving that the requested rate increase is reasonable. *Williams v. Apfel*, 2000 U.S. Dist. LEXIS 7420 *6 (S.D. Ind. 2000).  Given that the $125 rate was established in 1996, the majority of the work in this case was done in January 2010, and the Commissioner did not argue that an increase is not deserved, the Court finds a cost of living increase to be warranted.

Turning to the issue regarding which CPI to use to calculate the cost of living increase, "it is not particularly clear in this Circuit which of the Consumer Price Indexes is more appropriate," the national or the regional index. *Hamrick v. Astrue*, 2010 U.S. Dist. LEXIS 102859 (N.D. Ind. Sept. 27, 2010); *Simms v. Astrue*, 2009 U.S. Dist. LEXIS 50185 *23 (N.D. Ind. June 12, 2009).  Ms. Stokes and her counsel—Timothy J. Vrana—are located in the greater Indianapolis

metropolitan area, the Bureau of Labor Statistics has calculated a cost-of-living index tailored to this region, and Ms. Stokes has not cogently argued why the national index is more applicable to her case than the regional index. Therefore, the Court will apply the "Midwest Urban" index to calculate the appropriate cost of living increase. *See Simms*, 2009 U.S. Dist. LEXIS 50185 at *23 (applying more specific CPI); *Fenn v. Bowen*, 1988 U.S. Dist. LEXIS 12900 at *10 (N.D. Ill. 1988) (holding that "as a matter of course the fee should reflect the cost of living increase based on the Consumer Price Index *in the area* and at the time the attorney represents the plaintiff" (emphasis added)). Pursuant to the "Midwest Urban" index for January 2010, as proffered by the Commissioner, Mr. Vrana's hourly rate for this case is $170.25.

### III. Reasonableness of Requested Hours

Next, the Commissioner contends that the 40.2 hours Mr. Vrana spent on this case was excessive and encompassed non-billable tasks. [Dkt. 29-1 at 1-2.] The Commissioner asks this Court to exclude hours that were not reasonably expended and reduce the amount of recoverable billable time to 35.7 hours. [Dkt. 31 at 6.]

When calculating an EAJA award, the Court must exclude hours that were not reasonably expended. *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The Commissioner argues that 3.0 hours of the 6.5 hours Mr. Vrana spent reviewing the administrative record were excessive. [*See* dkt. 31 at 5 (arguing that 3.5 hours to review the administrative record would have been "more than ample time").] As Ms. Stokes points out, however, the underlying record contains 595 pages and reviewing it in 6.5 hours means that Mr. Vrana reviewed approximately 91.5 pages per hour. [Dkt. 32 at 4.] Reviewing the record in 3.5 hours as the Commissioner demands, however, would require a pace of 170 pages per hour (almost 3 pages per minute). Such a rapid pace seems unreasonable and could have caused Mr. Vrana to miss important information

in the record—information he was able to marshal to prepare a winning brief. Based on these circumstances, the Court finds that the time Mr. Vrana spent reviewing the record was reasonable.

The Commissioner also argues that Mr. Vrana's time should be reduced by 1.5 hours for time he spent on tasks it contends should not be billable, including 0.5 hours spent talking to Ms. Stokes and deciding whether to proceed to federal court, 0.8 hours spent reading this Court's August 2010 decision, and 0.2 hours spent conveying the result to Ms. Stokes. [Dkt. 31 at 4-5.] Each of these tasks was crucial to Mr. Vrana's representation of Ms. Stokes, however, and the Court finds the amount of time spent on each task to be reasonable. Therefore, the Court will not exclude these hours per the Commissioner's request.

## IV.    Payment Directly to Attorney

Finally, the Commissioner argues that this Court should not award attorney's fees directly to Mr. Vrana despite the fact that Ms. Stokes assigned her right to an EAJA award to Mr. Vrana. [Dkts. 31 at 6; 30-1.]

Earlier this year, the United States Supreme Court held that EAJA fees are awarded to a prevailing plaintiff, not to her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526-27 (2010). Consequently, EAJA fees are subject to a federal administrative offset if the litigant has outstanding federal debts. *Id.* at 2527.

Consistent with *Ratliff*, the Court orders the EAJA fees awarded herein to be awarded directly to Ms. Stokes, subject to any outstanding federal debts. If the parties determine, however, that Ms. Stokes does not owe any federal debts, the government should honor Ms. Stokes' assignment and direct the EAJA award to Mr. Vrana.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. Stokes' Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, subject to the reduced rate of $170.25 per hour. [Dkt. 29.] The government shall pay **$6,844.05** (40.2 hours x $170.25/hour) to Ms. Stokes, subject to any outstanding federal debts. If Ms. Stokes does not have any outstanding federal debts, however, the government should honor Ms. Stokes' assignment of the EAJA award and direct the award to Mr. Vrana.

11/10/2010

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Timothy J. Vrana
tim@timvrana.com